(August 20, 1913.)

E. C. S. BRAINARD et al., Appellants, v. THE INDEPENDENT LONG DISTANCE. TELEPHONE COMPANY et al., Respondents.

[134 Pac. 832.]

APPEAL from the District Court of the Third Judicial District, in and for Ada County.   Hon. Carl A. Davis, Judge.

Proceedings on objections by certain of the appellants to dismissal of the appeal in accordance with stipulation entered into by the attorneys for the respective parties.

Prosecution of appeal allowed on conditions, in default of which appeal to be dismissed in accordance with stipulation.

Martin & Cameron, for Appellants.

Waldemar Van Cott and Ira E. Barber, for Respondents.

Counsel file no. briefs.

STEWART, J.—An action was commenced in the district court of the third judicial district for Ada county by E. C. S. Brainard and other parties, who were stockholders and interested in the Independent Long Distance Telephone Company, a corporation, and the directors of such company, and in the complaint the plaintiffs sought a judgment directing the defendants to convey back to the Independent Long Distance Telephone Company all the property before conveyed by that company to the Rocky Mountain Bell Telephone Company and the Mountain States Telephone and Telegraph

Company, upon the repayment by the Independent company to the Bell company, less the damages defendants have caused to the lines and plant of the plaintiffs of the Independent Long Distance Telephone Company, and that the plaintiffs have judgment against the defendants, jointly and severally, in the sum of $341,016.75 and costs.

Issues were joined by defendants and a trial was had upon the issues and the following decree was entered by the trial court: "Wherefore, by reason of the law and the findings aforesaid, it is ordered, adjudged and decreed, that plaintiffs and intervenors take nothing by this action and that defendants be discharged and permitted to go hence without day, and that defendants have and recover of and from plaintiffs and intervenors their costs and disbursements herein, amounting to $1050.70."

From this judgment an appeal was taken to this court by the plaintiffs and intervenors. The appeal to this court was perfected thereafter, and on the 27th day of June, 1913, there was filed in this court a stipulation, "that the plaintiffs and intervenors will dismiss the appeal in said cause now pending in said supreme court with prejudice; that defendants will pay to Messrs. Martin & Cameron, attorneys for plaintiffs and intervenors, the sum of Twenty-five Hundred Dollars ($2500.00), and in addition thereto will satisfy of record the judgment for costs in favor of the defendants and against plaintiffs and intervenors in the district court in the third judicial district of Idaho, in and for Ada county; that said sum so paid or to be paid shall be in full of all claims and demands of plaintiffs and intervenors, or either or any of them, or the Independent Long Distance Telephone Company, against defendants or either or any of them; and the defendants hereby release the plaintiffs and intervenors and each and all of them, from any and all claims arising in any way out of the institution of this suit, or the filing of any process therein. Dated, Denver, Colorado, this 20th day of June, A. D. 1913."

This stipulation was signed as follows: Martin & Cameron, attorneys for plaintiffs and intervenors. Ira E. Barber, at-

torney for the Independent Long Distance Telephone Company. Milton Smith, attorney for the Mountain States Telephone and Telegraph Company.

This stipulation was filed with the clerk of this court on the 27th day of June, 1913. On the 28th of June, 1913, there was filed in this court by S. L. Tipton, attorney for plaintiffs, Prosper A. Aveline, William Peterson, John Reirdon and John R. Hall and James A. Pinney, the following notice:

"To Messrs. Martin & Cameron, Boise, Idaho, and Ira E. Barber, Attorneys for Independent Long Distance Telephone Company.

"Gentlemen: You will take notice that Prosper Aveline, William Peterson, John Reirdon, and John R. Hall and James A. Pinney, by their attorney, S. L. Tipton, will, at 10 o'clock A. M. Monday, June 30, 1913, present to the Supreme Court of the State of Idaho at Boise, objections to the dismissal of the above entitled cause. Said objections will be based upon the affidavits herewith served and the stipulation on file in said court and the record of said cause.

"Dated this 28th day of June, 1913.

"S. L. TIPTON,

"Attorney for Plaintiffs, Prosper Aveline, William Peterson, John Reirdon, and John R. Hall, and James A. Pinney, Residing Boise, Idaho."

The objections assigned in said notice are as follows:

1. That the attorneys for plaintiff and the said E. C. S. Brainard had no authority or authorization to settle, compromise or dismiss said action.

2. That these plaintiffs never at any time authorized the attorneys, Martin & Cameron, or E. C. S. Brainard, to settle or compromise said cause or to enter into any stipulation of settlement, or to dismiss said action.

3. That these plaintiffs have never consented to and do not now consent to the settlement as shown by the stipulation now on file in this cause in this court.

4. That these plaintiffs never had any knowledge or information that any compromise or settlement was pending in said cause prior to the 26th day of June, 1913.

These objections are based and supported by the affidavits served herewith and a stipulation on file in said cause and the record of said cause in said court. As a part of said application and notice is the affidavit of Prosper Aveline, James A. Pinney, William Peterson, John Reirdon and John R. Hall. The affidavit of Aveline sets forth the facts upon which the protest against the dismissal of the case was based. In the affidavit Aveline swears that he is a stockholder of the Independent Long Distance Telephone Company and that he is a plaintiff; that he has never at any time authorized the attorneys for the plaintiffs or E. C. S. Brainard, to compromise, settle or dismiss the above-named suit now pending in this court; that he had no knowledge of any compromise, nor settlement pending between the plaintiffs and defendants; that the first information he had that a compromise or settlement was made or was in progress, was when he saw a notice in the Boise daily papers that the case had been dismissed; that after reading said article, he went on the 26th of June to the offices of Martin & Cameron, attorneys for plaintiffs, and Martin informed affiant that action had been dismissed and at that time informed affiant of the terms of settlement, and further stated to affiant that Martin and E. C. S. Brainard, one of the stockholders and plaintiffs in the suit, in company with Ira E. Barber, one of the attorneys of the defendants, to wit, the Independent Long Distance Telephone Company, went to Denver, Colorado, at the solicitation and expense of the Mountain States Telephone and Telegraph Company, for the purpose of making settlement of said suit and that the suit was settled by them when in Denver; and that Brainard received in settlement two thousand five hundred dollars ($2,500) in cash and that Martin received five hundred dollars ($500) as attorney's fees and Brainard the sum of two thousand dollars ($2,000). The affidavit also states that he did not think that any of the plaintiff stockholders knew anything about this and that he had no authority from any of the plaintiffs except Brainard, and that he informed Martin & Cameron and notified them not to dismiss the action until affiant had had an opportunity to in-

vestigate his right, and that Martin informed affiant that he would file a stipulation and dismiss the case on that day.

The record further shows that the plaintiffs, with the exception of Prosper Aveline, have withdrawn from such protest against stipulation and dismissal and that Prosper Aveline is the only party who is contesting the dismissal of the case upon the stipulation.

The defendant, the Independent Long Distance Telephone Company, by Ira E. Barber, attorney, demurs to the objections and protest filed by Aveline upon the following grounds:

1. That it does not appear from the objections, or otherwise or at all, that the plaintiffs, or either of them, have any cause of action against the defendants, or either or any of them.

2. Because it does not appear from said motion, or otherwise or at all, that there is any merit in the appeal and that plaintiffs, or either of them, or either or any of the stockholders of said Independent Long Distance Telephone Company, have any meritorious cause of action in this cause.

There is also filed an affidavit by Ira E. Barber, wherein Barber states that he is attorney for the Independent Long Distance Telephone Company, the individual defendants in the cause, and that plaintiffs executed general powers of attorney to Brainard, authorizing and empowering him to conduct all matters relative to the action in his discretion, and that at a meeting of the plaintiffs a vote was taken and it was ordered that Brainard be vested with authority to manage the affairs of said plaintiffs in said action at his discretion, and the objecting plaintiffs and intervenors permitted Brainard to manage the conduct of this cause and acquiesced in the investment of power in him to direct the conduct of prosecution, including power and authority in him to settle, adjust and compromise in his discretion; that Brainard, with the knowledge and acquiescence of each and every one of the plaintiffs and intervenors, took sole charge of said cause; that his acts and conduct were open and notorious in that behalf, and he was permitted and authorized to act as agent in the trial of the cause in the court below and in all the conduct

and negotiation preceding the trial and succeeding the same; and that on the twenty-fourth day of June, 1913, affiant went to Denver and met with plaintiff's attorney and plaintiff Brainard and Milton Smith, attorney for the Mountain States Telephone and Telegraph Company, at which time and place the affiant stated that no sum would be by him consented to be paid to plaintiffs, or any of them, upon settlement, save and except such payment as should be upon the expenses and the cost of litigation on their behalf; that this was a suit by stockholders, by and on behalf of the Independent Long Distance Telephone Company; whereupon the plaintiff Brainard executed and delivered the following:

"This is to certify that the attorney's fees and expenses incurred in the case of E. C. Brainard et al. v. The Independent Long Distance Telephone Company et al., is in excess of the sum of Four Thousand Dollars ($4000.00).

"Very truly yours,<br>"E. C. S. BRAINARD."

Whereupon there was executed in triplicate the stipulation on file in this cause for the dismissal of the appeal herein.

There was also filed on the part of the plaintiffs an affidavit made by Paris Martin, a partner in the firm of Martin & Cameron, who were attorneys for plaintiff. In this affidavit Martin goes very fully into the arrangement under which counsel for plaintiffs were employed as attorneys, and authority of Brainard and the relations of the stockholders and plaintiffs with reference to the commencement and prosecution of the plaintiffs' case, and the service of Martin & Cameron, and the steps taken for appeal, the settlement, the authority of Brainard to act in making the settlement, and the circumstances under which the stipulation for dismissal was executed. The affidavit also clearly states that after the trial of the case and after the decree had been entered into against the plaintiffs, costs were allowed for the sum of $1,050.70, and that the attorneys for plaintiffs, Martin & Cameron, were convinced that the plaintiffs had little chance and possibly no chance of reversing the case on appeal, and that if they could secure a settlement, by which the costs

incurred in the district court could be secured from the defendants, the Bell Telephone Company, sufficient to pay the costs and attorney's fees, that it would be to the best interests of plaintiffs to dismiss the case.

It also appears that Prosper Aveline has never contributed any sum whatever toward meeting the expenses incurred by plaintiffs in prosecuting said action; that he in no way consented to such action; that he declined to have anything to do with the matter or aid the plaintiffs in the prosecution of said cause; and that he is the only stockholder who now insists that the cause should be further prosecuted in this case.

The stipulation of dismissal provides: "That the plaintiffs and intervenors will dismiss the appeal in said cause now pending in said supreme court with prejudice; that the defendants will pay to Messrs. Martin & Cameron, attorneys for plaintiffs and intervenors, the sum of $2,500, and in addition thereto will satisfy of record the judgment for costs in favor of defendants and against plaintiffs and intervenors in the district court in the third judicial district of Idaho, in and for Ada county; that said sum so paid or to be paid shall be in full of all claims and demands of plaintiffs and intervenors, or either or any of them, or the Independent Long Distance Telephone Company against defendants, or either or any of them; and the defendants hereby release the plaintiffs and intervenors and each and all of them from any and all claims arising in any way out of the institution of this suit, or the filing of any process therein."

It will be seen by this stipulation the judgment is to be satisfied and the costs are to be paid. If the case is not dismissed, such stipulation will be set aside and the amount paid, as therein stated, will have to be returned to the parties paying the same.

We are of the opinion, therefore, from the showing made, that Prosper Aveline, being a party to the suit and a stockholder of the Independent Long Distance Telephone Company, and being desirous of having such action prosecuted to final judgment and not having consented to a dismissal of said cause or assented to the stipulation entered into, should

be allowed to proceed with the prosecution of said action in this court upon executing an undertaking in the sum of $5,000, to the effect that the said Prosper Aveline will pay the sum of $2,500 mentioned in the stipulation and the costs taxed in the district court as designated by the judgment, dated September 12, 1912, in the sum of $1,050.70, and in addition to said sums the costs that will be incurred in the prosecution and hearing of said cause in this court from the date of the stipulation to the final judgment of this court in said cause, if such judgment be affirmed, such undertaking to be executed by qualified sureties, to be approved by the clerk of this court, within ten days from the date hereof. In default of this condition, the appeal will be dismissed in accordance with the stipulation.

Ailshie, C. J., and Sullivan, J., concur.